IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN BURNS,<br><br>    Plaintiff,<br><br>  v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>    Defendant.<br>_____ / | No. C-04-4135 MMC<br><br>**ORDER RE: APRIL 4, 2006 LETTER OF DAVID ADISHIAN** |

    Before the Court is the letter request of class member David Adishian ("Adishian"), dated April 4, 2006, by which Adishian requests he be provided a Settlement Claim Certification Form and the opportunity to submit a late claim in the instant class action. In support of his request, Adishian states he did not receive notice of the settlement; he also submits copies of documents suggesting that, at the end of 2005, mail delivery problems existed in Los Angeles, where his post office box is located.

    Under certain circumstances, the district court has the "discretion to grant late claims." See In re Gypsum Antitrust Cases, 565 F.2d 1123, 1128 (9th Cir. 1977). In exercising such discretion, the court should consider whether "there was 'excusable neglect' or good cause for the belated request such that Rules 6(b)(2) or 60(b)(1) [of the Federal Rules of Civil Procedure] are implicated." See Silber v. Mabon, 18 F.3d 1449,

1455 (9th Cir. 1994); see also In re Crazy Eddie Securities Litigation, 906 F. Supp. 840, 846 (E.D.N.Y. 1995) (holding failure of class member to submit timely claim because of lack of notice may constitute excusable neglect justifying untimely submission).

The Court does not act on the basis of informal letters, however.  If Adishian wishes to pursue this matter further, he shall file with the Court, and serve on counsel,[1] a motion for leave to file a late claim, supported by a declaration attesting, under penalty of perjury, (1) whether he received the notice of settlement mailed to class members; (2) if so, when he received such notice; (3) if not, when and how he first learned of the settlement; (4) when and how he attempted to obtain a Settlement Claim Certification Form; and (5) any other evidence he wishes to bring to the Court's attention.

If Adishian files and serves such motion, the parties shall file and serve opposition to the motion within fourteen days of their receipt thereof.  Adishian may file a reply within seven days of his receipt of the parties' opposition(s).  The matter will be taken under submission at that time and will be decided without oral argument, unless the Court, after reviewing the papers filed in support of and in opposition to the motion, determines that oral argument would assist the Court.

The Clerk shall serve a copy of this order on Adishian by fax and by mail.

**IT IS SO ORDERED.**

Dated: April 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Service on counsel may be accomplished by (1) mailing a copy of the motion to plaintiffs' counsel, H. Tim Hoffman, Hoffman & Lazear, 180 Grand Avenue, Suite 1550 Oakland, CA 94612, and defendant's counsel, Malcolm Heinicke, Munger Tolles & Olson LLP, 560 Mission Street, 27th Floor, San Francisco, CA 94105-2907, and (2) filing a document stating under penalty of perjury the fact and date of such mailing.