JAMES F. CLAPP (S.B. #145814)
J. KIRK DONNELLY (S.B. #179401)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel: (858) 623-4200 Facsimile: (858) 623-4299

H. TIM HOFFMAN (S.B. #49141)
ARTHUR W. LAZEAR (S.B. #83603)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone:   (510) 763-5700
Facsimile:    (510) 835-1311

Attorneys for Plaintiff KEN BURNS

MALCOLM A. HEINICKE (State Bar No. 194174)
TERRY E. SANCHEZ (State Bar No. 101318)
KATHERINE M. FORSTER (State Bar No. 217609)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEN BURNS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. C 04 4135 MMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: PROCESS FOR ADDRESSING LATE AND CONTESTED CLAIM FORMS**<br><br>Judge:   **Honorable Maxine M. Chesney** |

1190589.1

STIPULATION AND PROP. ORDER RE: REMAINING CONTESTED CLAIMS   (CASE NO. C 04 4135 MMC)

1         WHEREAS, the parties reached a stipulated class action settlement in the above-referenced matter, and the Court approved the settlement and entered the Judgment on February 17, 2006;

        WHEREAS, pursuant to the Judgment in this matter, the Court approved the notice and claims procedure set forth in the Stipulation Re: Settlement of Class Action ("Stipulation");

        WHEREAS, this procedure provided, *inter alia*, that the Claims Administrator would take certain actions to ensure the proper mailing of the Court-approved Class Notices, and then following these actions, the Class Notices would be deemed mailed and received;

        WHEREAS, the Stipulation and associated order granting preliminary approval of the settlement set a deadline for the filing Settlement Claim Certification Forms, *i.e.*, settlement claim forms or claims for money under the settlement, and that deadline, which was expressly agreed upon by the Settling Parties and approved by the Court, was December 23, 2005;

        WHEREAS, the December 23, 2005 deadline passed, the claims process was completed, and the claims process (and the fact that the Claims Administrator conducted the notice process in accordance with the terms of the Stipulation) was documented for and explained in detail to the Court prior to the Court's granting final approval of this settlement and the Court's entry of the Judgment in the matter;

        WHEREAS, all of the payments to Participating Claimants, i.e., those Class Members from whom timely claims forms were received, were distributed on or prior to April 20, 2006 pursuant to the Judgment and the Stipulation;

        WHEREAS, the settlement of the case and the subsequent issuance of the payments has received significant press coverage as well as notoriety within the financial industry generally and within Merrill Lynch specifically;

        WHEREAS, either prior to the distribution of these payments or shortly thereafter, a limited number of individual Class Members (only about 2% of the Class Members in total) have raised concerns suggesting that (a) they now wish to file late claims to become Participating

Claimants; or (b) they feel that they did submit timely claims and should be treated as Participating Claimants; or (c) they have other issues with the claims and notice process.

WHEREAS, while Merrill Lynch contends that no late claims are valid under the Stipulation and Judgment and does not concede that any disputed claims are valid, Class Counsel and counsel for Merrill Lynch are working on a process to review these individual issues in the hopes of resolving them without Court involvement and without the Court being forced to address individual motions from Class Members;

WHEREAS, in light of the publicity given the settlement and claims process, the fact that the settlement was approved four months ago and the fact that the payments were issued nearly two months ago, the Settling Parties and Class Counsel agree that any late claims concerning any issue regarding the notice or claims process should and would have been raised by now and presented to Class Counsel and/or the Claims Administrator;

WHEREAS, the Settling Parties feel it is important to establish a deadline whereby no more late or disputed claims will be eligible for any type of review in order to prevent the filing of unfounded or fraudulent claims and also to allow the Settling Parties to consider the current set of late claims as a whole and address them in an even fashion; and

WHEREAS, the Court has continuing jurisdiction to oversee the settlement in this action;

NOW, THEREFORE, the Settling Parties, through their counsel, stipulate to the entry of the following order:

The Settling Parties shall continue to meet and confer to address late or disputed claims raised by Class Members to Class Counsel or the Class Administrator and identified to Merrill Lynch before June 15, 2006. No claims or other disputes concerning the notice and claims process raised for the first time, *i.e.*, presented for the first time in writing to Class Counsel or the Claims Administrator, after June 15, 2006 shall be considered by the Settling Parties or eligible for eventual presentation to the Court. Any claims or disputes that have been raised in writing with Class Counsel or the Claims Administrator prior to June 15, 2006 shall be addressed by the Settling Parties and their counsel, and to the extent they cannot be resolved by the Settling

1  Parties and the affected Class Members without Court involvement, and to the extent the Class
2  Members raising them continue to pursue these claims or disputes, these claims or disputes may
3  be presented to the Court for final resolution.  By agreeing to this process, Merrill Lynch does not
4  in any way concede that any late claims or other disputes concerning the notice or claims
5  process are valid, nor does Merrill Lynch agree that it will honor any late claims or that any
6  disputes will be resolved in favor of the Class Member.  Moreover, the Court's entry of this Order
7  shall not give rise to any inference as to the propriety of submitting any late claims under the
8  Stipulation or the Court's prior orders and Judgment or the merit of those late claims.  The
9  ///
10 ///
11 ///
12 ///

Settling Parties shall provide a joint report to the Court on the status of their efforts to address late or disputed claims no later than September 29, 2006.

DATED: June  16 , 2006              Respectfully submitted,

DOSTART CLAPP GORDON & COVENEY, LLP

By: _____
       JAMES CLAPP

Class Counsel and Attorneys for Plaintiff
KEN BURNS

DATED: June  19 , 2006              MUNGER, TOLLES & OLSON LLP
                                    TERRY E. SANCHEZ
                                    MALCOLM HEINICKE
                                    KATHERINE M. FORSTER

By: _____
       MALCOLM HEINICKE

Attorneys for Defendant
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

*******

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June 21, 2006

_____
The Honorable Maxine Chesney